UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Angelo Ham, #315014, <br> *aka Angelo Bernard Ham,* <br><br> Plaintiff, <br><br> v. <br><br> Dennis Patterson; Anthony J. Padula; <br> James C. Dean; Sharon Patterson; Ofc. S. Wilson, <br><br> Defendants. | C/A No. 6:11-853-JMC-KFM <br><br> **REPORT AND RECOMMENDATION** |

The plaintiff, Angelo Ham ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names SCDC employees as defendants.[2] Plaintiff claims violation of his constitutional right to due process, as well as violation of institutional policies, based on a prison disciplinary hearing in which Plaintiff was found guilty of an institutional rule infraction. Plaintiff seeks monetary damages, as well as declaratory and injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)(pleading requirements).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3]  28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam)*.  A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9; *Cruz v. Beto*, 405 U.S. 319 (1972).  The mandated liberal construction

---

[3] Screening pursuant to 28 U.S.C. § 1915A is subject to this standard as well.

2

afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983. A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994), *quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The complaint alleges Plaintiff was falsely accused of an institutional rule infraction that resulted in a disciplinary hearing. ECF No. 1 at 3. At the hearing, Plaintiff alleges he

3

was not allowed to give additional documentary evidence pursuant to a specified SCDC policy/procedure. *Id*. Plaintiff was found guilty at the hearing and "multiple of his privileges and rights were taken for extended periods of time, consecutive." *Id*. Plaintiff alleges his "Fourteenth Amendment rights has been violated by the above defendants for failing to allow plaintiff to offer additional documentary evidence to prove his innocence, for failing to follow their own policies and procedures and for slandering the plaintiffs character." *Id*.

The complaint fails to establish that one of Plaintiff's rights secured by the Constitution or laws of the United States has been violated, so the complaint fails to state a claim under § 1983. Although Plaintiff states his Fourth Amendment right to due process was violated, procedural due process is required in a prison disciplinary process only when a prison disciplinary hearing may result in the loss of good-time credit, a liberty interest. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). The complaint fails to allege that Plaintiff's disciplinary hearing resulted in loss of a liberty interest. Plaintiff's loss of privileges does not raise a constitutional issue, because a prisoner has no constitutionally protected liberty interest in privileges. *Id*. at 571, n.19 ("We do not suggest, however, that the procedures required by today's decision for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."). The complaint fails to allege that Plaintiff's liberty interest was implicated in his disciplinary hearing and thus fails to establish that a right secured by the Constitution or laws of the United States has been violated. The complaint should be dismissed for failure to state a claim under § 1983 upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)(dismiss for failure to state a claim).

4

Inasmuch as the complaint alleges possible pendant state law claims for failing to follow SCDC policies and procedures, as well as slander, the court should abstain from considering any state law claims. Plaintiff's state law claims could be considered by this Court through the exercise of "supplemental jurisdiction," which allows federal courts to hear and decide state law claims along with federal claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998); 28 U.S.C. § 1367. Federal courts are permitted to decline supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) if "the district court has dismissed all claims over which it has original jurisdiction." The complaint fails to state a claim for a constitutional violation under 42 U.S.C. § 1983; thus, this Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(c)(3). *See Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants.").

### Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **The plaintiff's attention is directed to the notice on the following page.**

May 19, 2011                                  s/Kevin F. McDonald
Greenville, South Carolina          United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).